Filed 6/15/22  P. v. Fielder CA2/8
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B305966 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA051505) |
| v. | |
| ROBERT FIELDER, JR., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Teri Schwartz, Judge.  Affirmed.

David Y. Stanley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee, Noah P. Hill and Heidi Salerno, Deputy Attorneys General, for Plaintiff and Respondent.

Robert Fielder appealed the trial court's summary denial of his petition for resentencing on his second degree murder conviction pursuant to Penal Code section 1170.95,[1] a provision added by Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437). On January 19, 2021, we affirmed the denial of his petition. On April 27, 2022, the California Supreme Court remanded our decision with directions to vacate and reconsider it in light of *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*). We now vacate our prior decision and rule anew. We affirm the trial court's denial of appellant's resentencing petition.

## BACKGROUND

In 2015, Fielder pled guilty to the second degree murder of Elvia Romero and was sentenced to 15 years to life. (§ 187, subd. (b)(1); § 186.22, subd. (b)(1).) He filed a section 1170.95 form petition on February 6, 2020, declaring he was neither a direct aider and abettor in the murder nor a major participant who acted with reckless indifference to human life. He failed to check a box stating he was not the actual killer.

Fielder attached two letters to his petition. One was a 2005 letter written by a deputy district attorney requesting secure housing for him. In it, she explained Fielder "admitted he shot Elvia Romero" at the direction of fellow gang members. Romero died of a heart attack after being shot in the hip and leg. Fielder testified against a co-defendant in a separate trial.

---

[1] Undesignated statutory citations refer to the Penal Code.

The second letter was stamped received by the Board of Parole Hearings on September 14, 2016. It was written by one of the two detectives assigned to Fielder's case. She explained the circumstances leading up to the shooting, and said the victim "Elvia [Romero] grabbed on to Fielder and he fired a shot which entered her knee." She died of a heart attack she suffered during the shooting. The detective said during Fielder's plea proffer, "he admitted shooting Elvia Romero" and agreed to testify truthfully at his co-defendant's trial. According to the detective, he did, in fact, testify truthfully at that trial.

The trial court denied Fielder's section 1170.95 petition without appointing counsel or holding a hearing. It explained: "On January 31, 2015, [Fielder] entered a plea of guilty for the second degree murder of Elvia Romero as part of an agreed upon disposition with the prosecution. He admitted shooting the victim in a later trial of his co-defendant. [¶] [Fielder] has not demonstrated eligibility for relief pursuant to [section 1170.95, subd. (c)], because he has not made a prima facie showing that he falls within the provisions of the statute."

## DISCUSSION

Effective January 1, 2019, Senate Bill 1437was enacted to amend "the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).)" (*People v. Gentile* (2020) 10 Cal.5th 830, 842.)

Section 1170.95 creates a multi-step procedure by which a defendant may petition for resentencing pursuant to Senate Bill 1437. A defendant may petition for resentencing if he or she was "convicted of felony murder or murder under a natural and probable consequences doctrine" and the following conditions are met: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder. [¶] (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§1170.95, subd. (a).)

Under section 1170.95, subdivision (b), the petition must include: a declaration from the petitioner that he or she is eligible for relief under the statute, the superior court's case number and year of conviction, and a statement as to whether the petitioner requests appointment of counsel. (§ 1170.95, subd. (b)(1).) If any of the required information is missing and cannot be readily ascertained by the court, the court may deny the petition without prejudice to the filing of another petition. (§ 1170.95, subd. (b)(2).)

Section 1170.95, subdivision (c) sets forth the procedure once the defendant files a complete petition: "Within 60 days after service of a petition that meets the requirements set forth in

4

subdivision (b), the prosecutor shall file and serve a response. The petitioner may file and serve a reply within 30 days after the prosecutor's response is served. These deadlines shall be extended for good cause. After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so."  (§1170.95, subd. (c).)

Should the court issue an order to show cause, it must hold a hearing to determine whether to vacate the murder conviction. (§ 1170.95, subd. (d)(1).)  If the court vacates the murder conviction, the court must resentence the defendant on the remaining counts, or if no target offense was charged, "the petitioner's [murder] conviction shall be redesignated as the target offense or underlying felony for resentencing purposes." (§ 1170.95, subds. (d)(3), (e).)

The trial court's decision-making authority at the prima facie stage is limited to readily ascertainable facts from the record, rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime).  A denial of a petition at the prima facie stage is permissible only " 'if the record including the court's own documents, "contain[s] facts refuting the allegations made in the petition." ' "  (*Lewis, supra*, 11 Cal.5th at p. 971.)

In *Lewis,* our Supreme Court held the statutory language and legislative intent of section 1170.95 make clear that a petitioner is entitled to the appointment of counsel upon the filing of a facially sufficient petition. The Court continued: "[O]nly *after* the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether 'the petitioner makes a prima facie showing that he or she is entitled to relief.' " (*Lewis, supra,* 11 Cal.5th at p. 957.) The Court held that where a trial court considered the record of conviction without first appointing counsel and summarily denies the petition, the cause must be remanded "to the Court of Appeal for an evaluation of prejudice under [*People v. Watson* (1956) 46 Cal.2d 818] in the first instance" to determine whether the court erred in failing to appoint counsel. (*Lewis,* at p. 958.) Under the *Watson* standard, to establish reversible error a defendant must demonstrate there is a reasonable probability that in the absence of the error he would have obtained a more favorable result. (*Lewis,* at p. 974.)

Here the trial court erred in failing to appoint counsel for appellant after he filed his facially sufficient petition. However, as discussed below, we find the trial court's error harmless under *Watson* because the exhibits appellant attached to his petition establish he was the actual killer.

Fielder contends the trial court improperly engaged in judicial factfinding at the prima facie stage by considering his testimony from the co-defendant's trial, which was not part of his record of conviction. (*Lewis, supra,* 11 Cal.5th at p. 971 [court may not engage in factfinding at prima facie stage of section 1170.95 review].) We disagree. There is no indication the trial court actually reviewed or considered any records from the

6

separate trial or engaged in any judicial factfinding.  Instead, in the 2005 letter Fielder submitted with his petition, the deputy district attorney explained Fielder admitted he shot Romero and agreed to testify truthfully at his co-defendant's trial, which he did.  From this, the trial court could have inferred his "truthful" testimony included his admission he shot Romero without examining the trial transcript from the co-defendant's trial.

If Fielder is suggesting the trial court erred in considering these letters, he invited the error by submitting them as part of his petition.  As exhibits attached to Fielder's petition, we presume Fielder adopted the facts set forth in the letters as true.  Fielder cannot now claim the court was barred from considering exhibits he submitted to support his prima facie case for resentencing.  (See *People v. Flinner* (2020) 10 Cal.5th 686, 723 [defendant "cannot claim error in admission of evidence he elicited"].)

Nor does Fielder contend the factual statements in the letters were inaccurate.  He argues a factual dispute exists because the letters stated Romero died of a heart attack during the shooting, not from the gunshot wounds he inflicted.  He does not explain how that demonstrates he lacked the intent to kill or transforms the basis for his plea into either felony murder or aiding and abetting on a natural and probable consequences theory of murder eliminated by Senate Bill 1437.  He is simply urging the court to relitigate the causation element of the murder case against him.  We find nothing in Senate Bill 1437 that offers or intends to offer a new trial on the issue of causation where, as here, petitioner admits he is the actual shooter.

## DISPOSITION

The order is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

STRATTON, P. J.

We concur:

GRIMES,  J.

WILEY, J.

8